16-2896
Miller v. Sutton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand seventeen.

PRESENT:
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges,*
> BRIAN M. COGAN,∗
> *District Judge.*

_____

Josephine Smalls Miller,

> *Plaintiff-Appellant*,

> v.                                                                          16-2896

Suzanne B. Sutton, Individually and in Official Capacity, Karyl Carrasquilla, Individually and in Official Capacity, Michael P. Bowler, Individually and in Official Capacity,

> *Defendants-Appellees*,

Office of Chief Disciplinary Counsel, State of Connecticut, Beth L. Balwin, Individually and in Official Capacity,

> *Defendants*.

_____

∗ Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLANT:** Josephine Smalls Miller, pro se, Danbury, Connecticut.

**FOR DEFENDANTS-APPELLEES:** Michael Skold, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Josephine Smalls Miller, an attorney proceeding pro se, appeals from the dismissal of her 42 U.S.C. § 1983 complaint. Miller sued attorneys from the Office of Chief Disciplinary Counsel of the State of Connecticut and the Connecticut Statewide Grievance Committee ("SGC"), alleging constitutional violations based on three ongoing state disciplinary proceedings against her. The district court dismissed Miller's complaint as barred by the abstention doctrine from *Younger v. Harris*, 401 U.S. 37 (1971), and determined that no exception to *Younger* applied. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo dismissals based on *Younger* abstention. *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Id.* at 198. In *Sprint Communications, Inc. v. Jacobs*, the Supreme Court clarified that *Younger* applies to certain state civil proceedings. 134 S. Ct. 584, 592 (2013). State-initiated attorney disciplinary proceedings for violations of state ethics rules

were explicitly contemplated as an example of such civil proceedings. *Id.* (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433-34 (1982)).

Upon review, we conclude that the district court properly dismissed Miller's complaint, and we affirm for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. The district court properly abstained under *Younger*, and Miller has not shown that any exception to *Younger* applies. The bad faith exception does not apply because the defendants had legitimate purposes for pursuing the disciplinary proceedings against her. *See Diamond "D,"* 282 F.3d at 199 ("[T]he federal plaintiff must show that the state proceeding [providing the basis for federal abstention] was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive."). Two of the disciplinary proceedings were initiated based on referrals made by state court judges. And in the third, an independent local grievance panel made a finding that there was probable cause that Miller had engaged in misconduct. The exceptional circumstances exception does not apply because the likelihood of immediate harm is speculative, and Miller may challenge an unfavorable resolution of the disciplinary proceedings through the state review and appeal process. *See id.* at 201.

We have considered all of Miller's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Miller's motion to supplement the record on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3